UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCELLO VALLE, ) | |
| ) | |
| Plaintiff, ) | No. 1:23-CV-14534 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| CITY OF CHICAGO; ) | |
| ANNETTE NANCE-HOLT; ) | |
| BRIAN CASEY; and ) | |
| PAUL COGSWELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Marcello Valle, a former Chicago firefighter, sued the City of Chicago and three fire department officials, alleging that they discriminated against him and deprived him of his right to freely exercise his religion in violation of the First and Fourteenth Amendments. R. 1, Compl. at 1, 4–9.[1] He also seeks a declaratory judgment under the Illinois Religious Freedom Restoration Act.[2] Compl. at 9–18. For additional relief, Valle seeks compensatory damages, reinstatement, back pay, and attorney's fees. The Defendants now move to dismiss the complaint for failure to adequately state a claim. Fed. R. Civ. P. 12(b)(6); R. 10, Defs.' Mot. to Dismiss at 1. For the reasons below, the motion to dismiss is granted as to the federal claims. For now, the dismissal is without

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has federal-question jurisdiction of the federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

prejudice to filing an amended complaint if Valle thinks he can fix the gaps described in this Opinion. Given the dismissal of the federal claims, there is no need (for now) to address the sufficiency of the state law allegations.

### I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Valle's allegations arise from the City's implementation of a COVID-19 Vaccination Policy in October 2021, when Valle was a Chicago firefighter and emergency medical technician. Compl. ¶¶ 13–14. The Policy required employees to be fully vaccinated by the end of that calendar year. *Id.* at 11–14; *see Lukaszczyk v. Cook Cnty.*, 47 F.4th 587, 595 (7th Cir. 2022) (summarizing the Policy). From October 2021 to December 2021, employees needed to either report that they were fully vaccinated or else undergo twice-weekly testing. *Lukaszcyk*, 47 F.4th at 595. The testing option expired after December 31, 2021, at which point City employees needed to either be fully vaccinated against COVID-19 or have received an exemption from the City for medical or religious reasons. *Id.*

In February 2022, Valle requested a religious exemption to the Policy, asserting that his sincere Christian beliefs prevented him from complying with it. Compl. ¶ 17. More specifically, Valle believes that vaccination and compliance with man-made systems related to COVID—including testing—undermines his reliance on his God-given immunity. *Id.* ¶ 19. Valle's request for a religious exemption was granted

2

in May 2022. *Id.* ¶ 20. He was issued a Determination Notice, which stated that his request from the "City of Chicago's Mandatory COVID-19 Vaccination Policy ha[d] been: Approved," and further noted that he would still be required to "comply with masking, social distancing, and testing requirements until further notice." *Id.* at 4; *see also* R. 11-1, Defs.' Exh. A, Determination Notice at 1. But Valle ended up fired in October 2022 for not complying with the Policy. Compl. ¶¶ 22–23.

Valle alleges that he had been granted a religious exemption to the Policy, so the City's termination of his employment was unconstitutional. *Id.* ¶¶ 26–29. Valle filed this suit, claiming that the City and certain fire-department officials discriminated against him on account of his religion and violated his right to freely exercise his religion. *Id.* at 5–9. He also asserts two claims under state law: one for declaratory judgment to declare that the Policy was not lawfully enacted; and the other alleges a violation of the Illinois Religious Freedom Restoration Act. *Id.* at 9–18.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

### A. The Determination Notice

Before addressing whether Valle's allegations adequately state a claim, there is a threshold question: which version of the Determination Notice to consider. Valle's Complaint contained a cropped, screenshot-type reprint of the Notice, which showed that his exemption request was granted—but left off the bottom part of the document. *See* Compl. at 4. For their part, the Defendants included a more complete copy of the Determination Notice as an exhibit to their dismissal-motion brief. *See* Determination Notice. In deciding a motion to dismiss, the complaint is generally the sole source of (alleged) facts. But courts may also consider "exhibits attached to the

4

complaint … or documents referenced in the pleading if they are central to the claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see also Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012) ("[W]e may consider documents … referenced in the pleading if they are central to the claim.").

Valle's response brief directly refers to the Defendants' more complete version of the Determination Notice; he only disagrees as to the impact of the previously excluded content on his claims. R. 21, Pl.'s Resp. at 6–7. Because Valle does not contest the fuller version of the Determination Notice, the Court will consider it.

### B. Section 1983

Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up). To adequately state a § 1983 claim, a plaintiff must allege the deprivation "of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Here, Valle alleges that city officials Annette Nance-Holt, Brian Casey, and Paul Cogswell deprived him of equal protection under the Fourteenth Amendment and his right to free exercise under the First Amendment. Compl. ¶¶ 24–52. The Defendants move to dismiss, arguing that the allegations do not set forth sufficient facts to support Valle's claims. R. 11, Defs.' Br. at 8–9. The Defendants are right: Valle has not adequately pleaded viable equal protection or free exercise claims.

### 1. Free Exercise

The Free Exercise Clause of the First Amendment prohibits the government from substantially burdening the observation of a religious belief or practice without justifying that burden by showing a compelling government interest. *Jimmy Swaggart Ministries v. Bd. of Equalization of California,* 493 U.S. 378, 384–85 (1990); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 631 (7th Cir. 2007). In evaluating free exercise claims, courts first ask whether the government mandate is a neutral requirement of general applicability that only incidentally burdens religion. *See Fulton v. City of Philadelphia,* 583 U.S. 522, 533 (2021); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 996 (7th Cir. 2006). If it is, then a court's assessment of the law is limited to rational basis review. *Illinois v. Bible Colls. Ass'n v. Anderson*, 870 F.3d 631, 639 (7th Cir. 2017). But when a law targets certain religious practices, courts apply strict scrutiny. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546–47 (1993). In this case, Valle argues that the Policy is unconstitutional on its face and urges the Court to apply strict scrutiny because it selectively burdened his religion. Pl.'s Resp. at 2–5.

The main obstacle to Valle's argument is that the Seventh Circuit has already considered—and rejected—a facial challenge to the very Policy at issue here. *See Lukaszczyk*, 47 F.4th at 607. The plaintiffs in *Lukasczcyk* alleged that the Policy (and other state and local COVID-19 regulations) unconstitutionally burdened their First Amendment rights by forcing them "to either vaccinate in violation of their faith or lose their jobs." *Id.* at 606. The Seventh Circuit concluded that the facial challenge

6

failed because "[o]n paper, the City of Chicago provides religious exemptions for its vaccination policy." *Id.* at 607. Valle contends that this Seventh Circuit precedent can be ignored because at the time of his firing—October 2022—the pandemic had waned. Pl.'s Resp. at 2–4. But the facial challenge targets the Policy itself, and this Court is bound by precedent to reject the facial challenge.

Valle's as-applied challenge fares no better. A facially neutral regulation may still "offend the constitutional requirement" in application if it unduly burdens the free exercise of religion. *Vision Church*, 468 F.3d at 996. To succeed on an as-applied challenge, Valle must plausibly allege that the Policy burdened his exercise of a sincerely held religious belief and that the burden was unconstitutional. *Fulton*, 593 U.S. at 532–33. Valle argues that his religious beliefs were burdened because he was terminated for failure to follow the Policy "despite being granted an exemption," and that the Policy "imping[ed] on his beliefs" about bodily autonomy and his God-given immune system's ability to keep him safe. Compl. ¶¶ 47–48. As explained next, however, Valle's religious beliefs—even as he describes them—were not burdened.

The Policy required city employees to be fully vaccinated by October 15, 2021, or else undergo weekly testing for COVID. Compl. at 11. Any employees that were not fully vaccinated by December 31 of that year needed to have received an exemption from the requirement or else be placed on a disciplinary no-pay status. *Id.* It turns out that Valle submitted his exemption request in February 2022, two months

7

after the deadline set by the Policy. *See* Compl. ¶ 17. Yet the City granted his request. *Id.* ¶ 20.

More importantly, the Policy also required that those with religious accommodations continue to undergo twice-weekly testing and report their results. *Id.* at 13. But Valle does not plead specific facts to allege that he either complied with the reporting and testing requirements or was exempt (for some reason) from those requirements. The Determination Notice explicitly stated that Valle was still "required to comply with masking, social distancing, and testing requirements." Determination Notice at 1. So Valle's assertion that he was somehow exempted from the entire policy, Compl. ¶ 21—and not just the vaccination requirement—is undermined by the Notice itself (the full version), and he says nothing about complying with the Policy's requirements for those seeking exemptions.

It is worth noting that, in 2023, another district judge considered a very similar challenge to the same Policy, and the parties here cite that case in support of their competing positions. *See Kondilis v. City of Chicago*, 2023 WL 2370204, at *1 (N.D. Ill. May 23, 2024) (Gettleman, J.) (appeal pending); R. 30, Defs.' Suppl Auth.; R. 33, Pl.'s Resp. to Suppl. Auth. Like Valle, many plaintiffs in that case were also granted religious exemptions to the Policy but then failed to comply with the reporting requirements. *Kondilis*, 2023 WL 2370204, at *5. They, too, argued that they were exempted from the entire Policy, but the Court held that they were fired for failing to report their vaccination status after being required to do so. *Id.* Though Valle's pleading here alleges sincere religious reasons for avoiding vaccination, he fails to allege

8

any reason for not complying with the testing and reporting requirements. So his as-applied challenge fails. Valle's free exercise claim is dismissed.[4]

## 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment prohibits state and local governments from discriminating on the basis of certain protected classifications. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). Because Valle's free exercise claim fails—that is, the City did not burden Valle's exercise of his religious beliefs—the equal protection claim is subject only to rational basis review. *See Locke v. Davey*, 540 U.S. 712, 720 n.3 (2004); *St. John's United Church of Christ*, 502 F.3d at 638. To succeed here, Valle must plausibly allege that the Policy treated him differently than others similarly situated that did not hold his religious beliefs and that the differential treatment is "wholly unrelated to any legitimate state objective." *Mayle v. United States*, 891 F.3d 680, 687 (7th Cir. 2018) (cleaned up). Valle alleges that he was discriminated against for his religious beliefs and was terminated for violating the Policy while other non-compliant employees—who did not share his beliefs—were not fired. Compl. ¶¶ 29–32. He also maintains that losing his job was not rationally related to the City's interest in controlling the pandemic because he was

---

[4]The Defendants also argue that they are entitled to immunity under the Tort Immunity Act and qualified immunity. Defs.' Br. at 13–15. Because the claim is dismissed for other inadequacies, there is no need to address the immunity arguments at this time. If Valle files an amended complaint that otherwise adequately states a claim, then the Court will then consider immunity arguments if the defense re-raises them.

already on disciplinary no-pay status at that time. Pl.'s Resp. at 8–9. For the reasons below, the equal protection claim fails.

Preventing the spread of COVID-19 is a legitimate government purpose, and implementing a vaccination and testing policy is related to this purpose. *See Klaassen v. Trs. of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021) (reasoning that "there can't be a constitutional problem with vaccination against" COVID-19 in light of Supreme Court precedent upholding a vaccine mandate for smallpox). Valle argues that the proper inquiry here is whether his specific firing, rather than the Policy's overall requirements, is rationally related to pandemic control. Pl.'s Resp. at 8–9. But this is essentially a class-of-one theory of equal protection, which does not apply in the public-employment context. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 597–98, 605 (2008) (explaining that claims that "one has been treated individually in this context, instead of like everyone else, is a challenge to the underlying nature of the government action."). In any event, Valle fails to allege how the City's application of the Policy at the time of his firing (including disciplining those that violated their exemptions, as he was) was "wholly unrelated" to controlling the pandemic. *Mayle*, 891 F.3d at 687. The equal protection claim is dismissed.[5]

### C. State Law Claims

Because the federal claims are dismissed—though without prejudice and with leave to amend—the Court declines for now to address the state law claims. *See* 28

---

[5]The Defendants also argue for immunity from Valle's equal protection claim under the Tort Immunity Act and qualified immunity. Defs.' Br. at 13–15. As with the free exercise

10

U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) (explaining that "when federal claims drop out of the case," the trial court "has broad discretion to decide whether to ... relinquish supplemental jurisdiction over the state-law claims"—with a "general presumption in favor of relinquishment"). If Valle files an amended complaint, and the Defendants move to dismiss, and if the federal claims survive, then at that point the Court will address the state claims. If Valle amends the complaint, and the Defendants move to dismiss, and if the federal claims are dismissed with prejudice, then the Court likely will relinquish jurisdiction over the state claims. Lastly, if Valle does not file an amended complaint, then the dismissal of the federal claims will convert to a dismissal with prejudice, and the Court will relinquish jurisdiction over the state claims.

## IV. Conclusion

The Defendants' motion to dismiss is granted. The federal claims are dismissed, though without prejudice for now and with leave to amend. The amended complaint, if filed at all, is due on April 14, 2025. If no amended complaint is filed,

---

claim, there is no need to address immunity at this time given the equal protection claim's failure on other grounds.

11

then the dismissal of the federal claims will automatically convert to a dismissal with prejudice (and jurisdiction over the state law claims will be relinquished).

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 28, 2025